# CONTINUATION IN SUPPORT OF CRIMINAL COMPLAINT

## INTRODUCTION

1. I, Kimberly DiPierro, am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been so employed since 2024. I am currently assigned to the Detroit Field Office, Kalamazoo Resident Agency. During my employment with the FBI, I have conducted investigations involving violations of federal criminal laws, including violations related to child exploitation and pornography. I am familiar with the various statutes of Title 18, United States Code, Chapter 110 – sexual exploitation and other abuse of children, including violations pertaining to sexual exploitation and attempted sexual exploitation of children (18 U.S.C. § 2251(a)), distribution or receipt of child pornography (18 U.S.C.§ 2252A(a)(2)) and possession of child pornography (18 U.S.C. § 2252A(a)(5)(B). I am a federal law enforcement officer and, therefore, authorized by the Attorney General to request search warrants under Federal Rule of Criminal Procedure 41.

2. I make this Continuation in support of a criminal complaint and to request an arrest warrant for KARON ALEXANDER. Based on the facts described below, I submit there is probable cause that ALEXANDER has committed the offense of sexual exploitation of a child in violation of 18 U.S.C. § 2251.

3. The statements contained in this Continuation are based upon information acquired during my investigation, as well as information provided by others such as other police officers, and task force officers (TFOs) and special agents of the FBI. Because this Continuation is being submitted for the limited purposes described above, I have not included each and every fact known to me concerning this investigation. I have set forth

only the facts I believe necessary to establish probable cause for the issuance of the requested arrest warrant.

**DEFINITIONS**

4. “Child pornography,” as defined in 18 U.S.C. § 2256(8), is any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

5. “Sexually explicit conduct,” as defined in 18 U.S.C. § 2256(2), means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the anus, genitals, or public area of any person.

6. “Illicit sexual conduct” as defined in 18 U.S.C. § 2423(b) consists of a sexual act (as defined in 18 U.S.C. § 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States; or any commercial sex act (as defined in 18 U.S.C. § 1591)

with a person under 18 years of age; or the production of child pornography (as defined in section 18 U.S.C. § 2256(8)).

**PROBABLE CAUSE**

7. On or about July 18, 2025, Snap, Inc, a company that operates the social media application SnapChat, made a report to National Center of Missing and Exploited Children (NCMEC). [1] NCMEC sent a Cyber Tipline report 216533973 to Tampa, Florida Police Department alleging a subject in the Tampa area sent child sexual abuse material (CSAM). On or about December 12, 2025, an officer from the Tampa Police Department was assigned to the tip. Tampa Police Department provided the facts of the case to the FBI, Tampa Division. FBI Tampa executed a search warrant on the subject, obtained his devices, including an Apple iPhone 14 Pro, and searched their contents.

8. While reviewing the contents of the Apple iPhone 14 Pro, thousands of CSAM video files were found, including:

1. File Name: telegram-cloud-document-1-5053601306661357275

[1] NCMEC, short for the National Center for Missing & Exploited Children, is a private, non-profit 501(c)(3) organization created in 1984 by child advocates to serve as a national clearinghouse and resource center for families, victims, private organizations, law enforcement, and the public on missing and sexually exploited child issues. To further NCMEC's mission to reduce child sexual exploitation and prevent future victimization, NCMEC operates the CyberTipline. NCMEC receives complaints via their CyberTipline from Internet Service Providers, Electronic Service Providers, and others. These CyberTipline reports are reviewed by a NCMEC analyst and forwarded to law enforcement for further investigation on the information provided in the CyberTipline report. NCMEC makes information submitted to the CyberTipline by members of the public and Electronic Service Providers available to law enforcement and uses this information to identify online trends endangering children that can be addressed in child safety and prevention messaging. NCMEC offers its programs and services pursuant to its own private mission and independent business operations. NCMEC does not act in the capacity of or under the direction or control of the government or law enforcement agencies. NCMEC does not investigate and cannot verify the accuracy of the information submitted to the CyberTipline.

- Created Date: 3/26/26 8:18:49 PM UTC
- Description: A 25-second video of what appears to be a prepubescent male, approximately eight to twelve years old, performing oral sex on an adult male. The adult male is wearing a blue Star Wars t-shirt. At the end of video, the adult male turns the camera towards his face and appears to be holding the device recording the video. The background of the video appears to be a bunkbed, with both participants in the video on the lower bunk.

2. File Name: telegram-cloud-document-1-5053606661357293

- Created Date: 3/26/26 8:18:54 PM UTC
- Description: A 25-second video of what appears to be a prepubescent male, approximately eight to twelve years old, performing oral sex on an adult male. The adult male is wearing a blue Star Wars t-shirt. At the end of video, the adult male turns the camera towards his face and appears to be holding the device recording the video. The background of the video appears to be a bunkbed, with both participants in the video on the lower bunk.

9. On May 13, 2026, both video files were submitted to NCMEC's Child Victim Identification Program (CVIP) for comparison to the Child Recognition and Identification System (CRIS). On November 16, 2026, NCMEC responded to the comparison request and stated the videos were not of known files and are believed to be newly discovered CSAM videos. On November 18, 2026, NCMEC orally provided additional information of the subject in the videos including the name of Karron Alexander and Instagram account username triple_k36.

10. Through open source and investigative means, investigators learned that the adult male in the videos is likely KARON ALEXANDER, date of birth October XX, 2001, residing at 4315 Duke Street, Apartment A1, Kalamazoo, Michigan. ALEXANDER's

Facebook account www.facebook.com/karon.alexander.71/ includes several images of his face and a Beacon link. Beacon is a website that allows users to link social media accounts together. On that Beacon account were two Instagram accounts, usernames triple_k36 and kalis_73 and Snapchat account username AISHi7sD. Instagram account triple_k36 has a post from February 2016 depicting ALEXANDER standing in a public bathroom in front of a mirror wearing the same blue Star Wars t-shirt observed in both CSAM files described above. In addition, Instagram account triple_k36 is the same Instagram account that NCMEC associated with the above-described files.

**ALEXANDER'S APPEARANCE**

11. Below are screenshots of ALEXANDER. The image on the left is the image from CSAM file telegram-cloud-document-1-5053601306661357275 and the image on the right is ALEXANDER's Secretary of State photo.



**EVENTS OF NOVEMBER 19, 2026**

12. On November 19, 2026, United States Magistrate Judge Philip J. Green authorized a search of ALEXANDER's person and residence in case number 26-mj-515. Agents executed the warrant on the same date.

13. ALEXANDER was not placed under arrest or in custody. He agreed to answer questions.

14. ALEXANDER was a shown a sanitized image of the adult male in the files described above. He confirmed that he was the same person as the person in the image.

15. ALEXANDER was also shown a sanitized image of the juvenile male in the files described above. He identified the juvenile by name and explained that the juvenile was the son of his mother's sister. He claimed that his aunt and his cousin had lived in Southwest Michigan and in Indiana within the last 3-4 years.

- Hereinafter I will refer to the juvenile as Minor 1. The name and date of birth of Minor 1 are known to me, but I have withheld them from this document to protect Minor 1's privacy and identity.
- On November 19, 2026, Minor 1 was 14 years old.

16. ALEXANDER asserted that the picture depicting himself and the picture depicting Minor 1 were separate photos that he had taken previously. However, after he made these assertions, an agent confronted ALEXANDER with the fact that the photos were actually screenshots taken from a video. The agent also explained that the video depicted ALEXANDER sexually abusing Minor 1. ALEXANDER responded by disavowing that

he was the person in the video. He claimed that the video must have been altered to depict him engaging in sexual activity with Minor 1, even though he had never done so.

17. Meanwhile, agents were executing a search warrant on ALEXANDER's residence in Kalamazoo County, Michigan, where agents spoke with ALEXANDER's mother, LAKEISHA SMITH.

18. SMITH was shown copies of the same sanitized images that were shown to ALEXANDER. She identified her son as the adult male, and she identified the juvenile as MINOR 1, the same person that ALEXANDER had claimed.

19. SMITH explained that her sister and Minor 1 had lived in Southwest Michigan, in and around Benton Harbor during the last 3-4 years.[2]

20. ALEXANDER agreed to participate in a polygraph examination. The FBI arranged for the examination, and it was conducted within hours of the search of ALEXANDER's person.

21. During the interview, ALEXANDER confessed that, contrary to his earlier denials, he had in fact recorded himself engaging in sexual activity with Minor 1, as depicted in the files described above. He explained that he persuaded Minor 1 to perform fellatio on him during a family visit in Indiana. ALEXANDER stated that he saved the recording on his phone, and returned home with the recording. He also admitted that, months later,

[2] ALEXANDER's adult brother, JAQUEL SMITH was also present during the execution of the search warrant. He was shown copies of the same images that depicted the adult male and the juvenile from the files described above. ALEXANDER's brother identified ALEXANDER as the male in the videos, but he identified a different juvenile relative, not Minor 1, as the juvenile in the photo.

after he had returned home, he sent the recording to another person over the internet.

22. I am advised of the following by the United States Attorney's Office:

- 18 U.S.C. § 3237 governs offenses begun in one district and completed in another. That statute states explicitly that any "offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense . . . ." 18 U.S.C. § 3237(a). Such offense may be "prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves." *Id.*
- Title 18 U.S.C. § 2251 explicitly requires as an interstate commerce element, which can be satisfied if a visual depiction of a minor engaging in sexually explicit activity "has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed." 18 U.S.C. § 2251(a).
- On the basis of this authority, venue for a violation of § 2251 lies "in any district from through, or into which" a visual depiction of a minor engaging in sexually explicit activity has been transported or transmitted.

**CONCLUSION**

23. Based on the above information, I respectfully submit there is probable cause to believe that KARON ALEXANDER violated 18 U.S.C. § 2251 by sexually exploiting

Minor 1. Specifically, I submit there is probable cause:

- that ALEXANDER employed, used, persuaded, induced, enticed, or coerced Minor 1 to engage in sexually explicit conduct, to wit, performing fellatio on ALEXANDER;
- that ALEXANDER did the above with the intent to produce a visual depiction of the sexually explicit conduct; and
- that a visual depiction of that conduct was actually transported or transmitted using any means or facility of interstate or foreign commerce, to wit, a wireless communications network, the internet, and the social media application SnapChat.

24. Wherefore, by this Continuation and Application, I respectfully request that the Court issue a warrant for Alexander's arrest.